UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

UNITED STATES OF AMERICA,
*Plaintiff-Appellee,*

v.

JONATHAN BRENT SEMMEL,
*Defendant-Appellant.*

No. 03-4050

Appeal from the United States District Court
for the District of Maryland, at Greenbelt.
Deborah K. Chasanow, District Judge.
(CR-02-243)

Submitted: June 10, 2003

Decided: June 19, 2003

Before WILKINSON, WILLIAMS, and KING, Circuit Judges.

Affirmed by unpublished per curiam opinion.

## COUNSEL

Gary A. Ticknor, Elkridge, Maryland, for Appellant. Stuart A. Berman, Assistant United States Attorney, Greenbelt, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Jonathan Brent Semmel appeals his sentence for a violation of 18 U.S.C. § 2113(a) (2000). Semmel's attorney has filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967). Although counsel states that there are no meritorious issues for appeal, he challenges the extent of the district court's downward departure and raises the issue of ineffective assistance of counsel. The Government elected not to file a formal brief. Although informed of his right to file a supplemental brief, Semmel has not done so. He did, however, file a motion seeking the appointment of new counsel. In accordance with *Anders*, we have considered the brief and examined the entire record for meritorious issues.

Semmel first argues that the district court erred by not downwardly departing from his sentence based on "diminished criminal capacity." The district court reduced Semmel's offense level from 32 to 29, reasoning that his career offender status overrepresented his criminal history, but refused to depart further based on diminished capacity caused by voluntary drug and alcohol use because the guidelines prohibit such departure. *See U.S. Sentencing Guidelines Manual* § 5K2.13 (2001). Because the court correctly understood the limits of its authority to depart in this case, we lack jurisdiction to review its decision not to depart under § 5K2.13. *See United States v. Carr*, 303 F.3d 539, 545 (4th Cir. 2002); *United States v. Bayerle*, 898 F.2d 28, 31 (4th Cir. 1990).

Semmel's ineffective assistance claim also fails. Claims of ineffective assistance of counsel are not cognizable on direct appeal unless counsel's ineffectiveness plainly appears on the face of the record. *See United States v. King*, 119 F.3d 290, 295 (4th Cir. 1997). To allow for development of the record, ineffective assistance of counsel claims generally should be pursued in a 28 U.S.C. § 2255 (2000) proceeding. *See United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994). Although Semmel argues that trial counsel submitted an insufficient amount of documentation regarding his mental health, even if this were true, such evidence could not have supported a departure on the

ground it was sought. Hence, ineffective assistance is not plain on the face of the record.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no meritorious issues for appeal. We therefore affirm the district court's judgment and deny Semmel's motion for appointment of new counsel. This court requires that counsel inform his client, in writing, of his right to petition the Supreme Court of the United States for further review. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client.

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*AFFIRMED*